1   ANDRÉ BIROTTE JR.
    United States Attorney
2   ROBERT E. DUGDALE
    Assistant United States Attorney
3   Chief, Criminal Division
    GARTH HIRE (Cal. State Bar No. 187330)
4   JOANNA CURTIS (Cal. State Bar No. 203151)
    ROBYN K. BACON (Cal. State Bar No. 251048)
5   Assistant United States Attorneys
    Violent and Organized Crime Section
6   KEVIN L. ROSENBERG (Ohio State Bar No. 0081448)
    Trial Attorney, U.S. Department of Justice
7       1500 United States Courthouse
       312 North Spring Street
8       Los Angeles, California 90012
       Telephone: (213) 894-0492/0298/4667
9       Facsimile: (213) 894-3713
       E-mail:   Garth.Hire@usdoj.gov
10            Joanna.Curtis@usdoj.gov
            Robyn.Bacon@usdoj.gov
11            Kevin.L.Rosenberg@usdoj.gov

12
    Attorneys for Plaintiff
13   United States of America

14              UNITED STATES DISTRICT COURT

15          FOR THE CENTRAL DISTRICT OF CALIFORNIA

16   UNITED STATES OF AMERICA,   )   No. CR 09-466-DSF-9
                      )
17           Plaintiff,   )   JOINT POSITION RE: SENTENCING
                      )   FOR DEFENDANT JOSE GONZALEZ
18         v.          )
                      )
19   JOSE GONZALEZ,       )
                      )
20          Defendant.   )
                      )
21   _____)

22
        Plaintiff United States of America, by and through its
23
    counsel of record, the United States Attorney for the Central
24
    District of California, as well as defendant Jose Gonzalez, by
25
    and through his counsel of record, Dominic Cantalupo, hereby
26
    submit this joint sentencing position for defendant Jose
27
    Gonzalez.
28

1     This memorandum is based on the attached memorandum of

2   points and authorities, the files and records in this case, and

3   such additional evidence and argument as may be presented at the

4   hearing on this matter.

5

6   DATED: February 7, 2013          Respectfully submitted,

7                                    ANDRÉ BIROTTE JR.
                                     United States Attorney
8
                                     ROBERT E. DUGDALE
9                                    Assistant United States Attorney
                                     Chief, Criminal Division
10

11
                                         /s/ *Garth Hire*
12                                   GARTH HIRE
                                     JOANNA M. CURTIS
13                                   ROBYN K. BACON
                                     Assistant United States Attorneys
14                                   Violent & Organized Crime Section

15                                   KEVIN L. ROSENBERG
                                     Trial Attorney, U.S. Department of
16                                   Justice

17                                   Attorneys for Plaintiff
                                     United States of America
18

19
                                         /s/ *Dominic Cantalupo*
20                                   DOMINIC CANTALUPO
                                     Attorney for Defendant
21                                   Jose Gonzalez

22

23

24

25

26

27

28
                                      2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### INTRODUCTION

4       Defendant Jose Gonzalez ("defendant") and the government

5  have entered into a plea agreement pursuant to Federal Rule of

6  Criminal Procedure 11(c)(1)(C).  Under the terms of this

7  agreement, the parties have agreed that defendant should be

8  sentenced to no less than time-served and no more than 18 months

9  imprisonment; five years supervised release with conditions to be

10  fixed by the Court; no fine; $100 special assessment; and no

11  restitution.  The goal of the agreement is to approximate the

12  sentence defendant would have received had he been prosecuted at

13  the same time for the drug trafficking conduct that formed the

14  basis of his 2007 federal conviction and the other racketeering

15  activity that formed the basis of the instant indictment.  The

16  government respectfully requests that the Court impose sentence

17  consistent with the agreement.

18

### II.

19

### FACTUAL AND PROCEDURAL BACKGROUND

20

**A.   Defendant's 2005 Robbery Conviction in Nevada**

21       According to the modified presentence report (MPSR),

22  defendant was arrested on March 21, 2005, in Nevada for robbery.

23  (MPSR ¶¶ 8-10).  On January 4, 2007, defendant was sentenced to a

24  term of imprisonment of 24 to 60 months, plus a consecutive 24 to

25  60 months imprisonment for use of a weapon.  (MPSR ¶¶ 8-10).

26

**B.   Defendant's 2007 Federal Drug Trafficking Conviction**

27       Defendant was indicted by a federal grand jury following

28  controlled purchases of methamphetamine from defendant.

1

1   Specifically, as set forth in paragraph 11 of the plea agreement
2   and paragraphs 11 through 13 of the MPSR, defendant made several
3   sales of methamphetamine in 2004 totaling 193.1 grams of actual
4   methamphetamine.  Defendant entered into a plea agreement with
5   the government.  Although the PSR calculated defendant's
6   guideline range as 121-151 months based on drug quantity,
7   defendant was sentenced to a below-guideline sentence of 102
8   months imprisonment, three years supervised release, and a $300
9   special assessment.  (MPSR ¶ 11).  Defendant's federal prison
10  sentence was imposed to run concurrently with his Nevada prison
11  sentence. (Id.).

12         **C.   The 2009 RICO Indictment Against Defendant**

13         In 2009, a federal grand jury returned an indictment
14  charging defendant and 23 others with RICO Conspiracy in
15  violation of 18 U.S.C. § 1962(d), as well as narcotics
16  trafficking conspiracy in violation of 21 U.S.C. § 846.  The
17  indictment alleged that defendant engaged in five overt acts in
18  support of the RICO Conspiracy.  However, four of those five
19  overt acts related to the drug trafficking conduct for which
20  defendant had already been federally prosecuted, convicted, and
21  sentenced.  The remaining overt act allegation dealt with an
22  assault in 2004.  On December 6, 2012, defendant pleaded guilty
23  to RICO Conspiracy and admitted his prior distributions of
24  narcotics, engaging in a conspiracy to distribute narcotics, and
25  extortion.

26
27
28

## III.

### SENTENCING INFORMATION

On January 2, 2013, this Court ordered the parties to provide pertinent sentencing information, which is set forth in the sections below.

### A.   Sentencing Guidelines Calculations

As set forth in paragraph 13 of the plea agreement and in court, the parties agree to the following sentencing guidelines:

Narcotics Trafficking
| | | | |
|---|---|---|---|
| Base Offense Level | : | 32 | [U.S.S.G. §§ 2E1.1(a)(2); 2D1.1(a)(5) & (c)(4)] |
| Adjusted Offense Level | : | 32 | |

Extortion
| | | | |
|---|---|---|---|
| Base Offense Level | : | 18 | [U.S.S.G. § 2E1.1(a)(1), 2B3.2(a)] |
| Threat of Bodily Injury | : | +2 | [U.S.S.G. § 2B3.2(b)(1)] |
| Adjusted Offense Level | : | 20 | |
| Multiple Count Adjustment: | | +0 | [U.S.S.G. § 3D1.4] |
| Resulting Adjusted Total Offense Level | : | 32 | |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. § 3E1.1] |
| Total Offense Level | : | 29 | |

### B.   Defendant's Criminal History Category

The parties agree with the conclusion of the USPO in the modified PSR that defendant has a total of three criminal history points and falls within criminal history category II.  (MPSR ¶¶ 16-17).

3

**C.   Defendant's Guideline Range**

Defendant's guideline range – given a total offense level of 29 and a criminal history category of II – is 97 to 121 months imprisonment.  Defendant's guideline range for supervised release is two to five years.  U.S.S.G. 5D1.2(a)(1).

**D.   Terms and Conditions of Supervised Release**

The government recommends that the Court impose the terms and conditions of supervised release as follows:

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years under the following terms and conditions.

1.   The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 05-02;

2.   The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3.   The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

4.   During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotics addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director or Probation Officer;

5.   As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment

4

and proof of payment as directed by the Probation Officer;

6. The Court authorizes the Probation Office to disclose the Modified Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Modified Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge;

7. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to payment;

8. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer;

9. The defendant shall cooperate in the collection of a DNA sample from the defendant;

10. The defendant may not associate with anyone known to him to be a gang member and others known to him to be participants in the Mara Salvatrucha or MS-13's criminal activities.  He may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the Mara Salvatrucha or MS-13 street gang, and may not display any signs or gestures that defendant knows evidence affiliation with the Mara Salvatrucha or MS-13 street gang; and

11. As directed by the Probation Officer, defendant shall not be present in any area known to him to be a location where the members of Mara Salvatrucha or MS-13 street gang meet and/or assemble.

## IV.

## SENTENCING ARGUMENT

Simply put, had defendant been prosecuted simultaneously for the drug trafficking and racketeering activity that formed the basis of the 2007 and 2009 indictments, his guideline range would have been 121-151 months (assuming a total offense level of 31

and a criminal history category II).  Defendant is projected to complete his original 102-month sentence on or about March 21, 2014.  By sentencing defendant to a term of 18 months imprisonment on the instant offense, this Court will be imposing on defendant a total term of imprisonment of 120 months for his drug trafficking and racketeering conduct.  This 120-month sentence is only one month below the guideline range that would have applied if defendant had been federally prosecuted simultaneously for his narcotics trafficking and racketeering conduct, and is therefore a reasonable and appropriate sentence. Defendant and the government both request that this Court impose a sentence of 18 months imprisonment (to run consecutive to the current 102-month sentence), five years supervised release with conditions to be fixed by the Court; no fine; $100 special assessment; and no restitution.

    Defendant, however, asks that the Court impose this sentence to run concurrent with his undischarged sentence in Nevada, while the government requests that this sentence be imposed to run consecutive to the undischarged sentence in Nevada.

///

///

///

**V.**

**CONCLUSION**

For the foregoing reasons, the parties respectfully request that this Court sentence defendant as set forth above.

DATED: February 7, 2013          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


___*/s/ Garth Hire*_____
GARTH HIRE
JOANNA M. CURTIS
ROBYN K. BACON
Assistant United States Attorneys
Violent & Organized Crime Section

KEVIN L. ROSENBERG
Trial Attorney, U.S. Department of Justice

Attorneys for Plaintiff
United States of America




___*/s/ Dominic Cantalupo*_____
DOMINIC CANTALUPO
Attorney for Defendant
Jose Gonzalez